IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 06-66170-CRM |
| Celeste S. Costello, | ) | CHAPTER 13 |
|     Debtor. | ) | |
| _____ | ) | _____ |
| | ) | |
| Celeste S. Costello, | ) | ADVERSARY PROCEEDING |
|     Plaintiffs, | ) | CASE NO. _____ |
| vs. | ) | |
| Wells Fargo Bank, NA, | ) | |
|     Defendant/Respondent. | ) | |

## APPLICATION FOR TEMPORARY INJUNCTION
## AND COMPLAINT FOR DAMAGES

COMES NOW Celeste S. Costello ("Debtor/Plaintiff") by and through Counsel and files this "Application for Temporary Injunction and Complaint for Damages" against Wells Fargo Bank, NA ("Wells Fargo"). In support, Debtors offer the following:

### JURISDICTION AND VENUE

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) seeking an order for violations of 11 U.S.C. § 524(i). Plaintiff brings this Application for Injunctive relief and and complaint for damages pursuant to Fed. R. Bankr. 7001(1), 7008(b), 7065, 9006, 11 U.S.C. §§ 105, 542, 1301, 1303, and 1322. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper by virtue of 28 U.S.C. § 1409(a) as this proceeding arises in and relates to Debtors' bankruptcy, case number 06-66170-CRM, pending in this district.

### PARTIES

3. Plaintiff is an individuals domiciled in Georgia.

4. Defendant Wells Fargo is a Delaware corporation that does business in Georgia.

5. Defendant Wells Fargo is an FDIC-insured corporation.

## FACTUAL ALLEGATIONS

6. The instant chapter 13 case was initiated by Plaintiff filing a voluntary petition on June 1, 2006. This Court confirmed Plaintiff's chapter 13 plan on August 8, 2006.

7. Plaintiff owns real property located 4762 Nelda Dr. Austell, GA 30106 ("Property").

8. On May 4, 2009, Defendant filed a motion for relief from stay, alleging Plaintiffs' failure to make timely loan payments pursuant to the plan. (Docket #28).

9. Plaintiff is in fact current on all post-petition payments to Defendant.

10. Plaintiff's debt with Defendant represents a mortgage or home equity loan on the Property.

11. On or about May 20, 2008, Wells Fargo diverted $1,198.00 from Plaintiff's mortgage escrow account.

12. On or about May 20, 2008, Wells Fargo transferred approximately $905.85 to Hanover Insurance.

13. The transfer from Wells Fargo to Hanover insurance was pursuant to a payment for an auto insurance policy.

14. The balance of Plaintiff's $1,198.00 payment to Wells Fargo was refunded to debtor, and the payment was not credited toward Plaintiff's mortgage policy held by Defendant.

15. Defendant did not contract with Plaintiff for the ability to divert funds to pay for an automobile contract.

16. Defendant did not have authorization from Plaintiff to divert payment from Debtor's mortgage for automobile insurance.

17. The diversion of Plaintiff's funds for the auto insurance policy by Defendant caused, in whole or in part, Defendant's mortgage records to inaccurately reflect Plaintiff was deficient in monthly mortgage payments.

18. The diversion of Plaintiff's funds for the auto insurance policy by Defendant caused, in whole or in part, Defendant to file a motion for relief from stay against Plaintiff.

19. On or about June 1, 2009, Counsel for Plaintiff sent proof of on-time mortgage payments to Defendant.

20. On or about June 1, 2009, Counsel for Plaintiff sent proof of independently obtained homeowner's insurance on the Property to Defendant.

21. On or about February 9, 2010, Counsel for Plaintiff and Defendant discussed the misapplication of payments and possible legal action in response.

22. On or about February 10, 2010, Counsel for Plaintiff relayed the offer that if Wells Fargo agreed to withdraw their motion for relief from stay, Plaintiff would refrain from suing for illegal misapplication of payments.

22. On or about February 10, 2010, Defendant apparently accepted the offer by indicating to Counsel for Defendant in writing, "We will w/draw our motion."

23. Defendant's motion for relief from stay was never withdrawn.

24. Plaintiff suffered actual injury from Defendant's actions.

## COUNT I: PRELIMINARY INJUNCTION

25. Plaintiffs incorporate by reference paragraphs 1 through 24.

26. Pursuant to Fed. R. Bankr. 7065, Plaintiff brings this Application for Preliminary Injunction.

27. Plaintiff will suffer immediate and irreparable injury, loss, and damage as a result of

the wrongful actions of Defendant for failure to reflect the amount of $1,138.00 that was illegally diverted from Plaintiff's mortgage payment.

28. Plaintiff further requests, after notice and a hearing, that the Court issue a preliminary injunction to remain in effect during the pendancy of this adversary proceeding enjoining Defendant from pursing the motion for relief from stay filed against Plaintiff.

### COUNT II: INJUNCTION VIOLATION

29. Plaintiffs incorporate by reference paragraphs 1 through 28.

30. The willing failure of a creditor to credit payments received under a confirmed plan constitutes a violation of an injunction under 11 U.S.C. § 524(a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.  11 U.S.C. § 524(i); *see also Nosek v. Ameriquest Mortgage Co.*, 386 B.R. 375 (Bankr. D. Mass 2007).

31. Counsel for Plaintiff contacted Defendant on numerous occasions in an attempt to resolve the failure to correctly account Plaintiff's on-time pay history.

32. Defendant had a plethora of opportunities to correct inaccurate accounting and withdraw their motion for relief from stay against Plaintiff.

33. Defendant's actions and or omissions have cause Debtor material injury.

### COUNT III: INFLICTION OF EMOTIONAL DISTRESS

34. Debtor incorporates by reference paragraphs 1 through 33.

35. Emotional distress damages may be recovered as actual damages if a definite causal link exists between willful conduct of a creditor and the emotional distress of Debtor.  11 U.S.C. § 362(k)(1); *See also Spinner v. Cash In A Hurry, LLC (In re Spinner)*, 398 B.R. 84 (Bankr. N.D. Ga. 2008), *Dawson v. Wash. Mut. Bank (In re Dawson),* 390 F.3d 1139 (9th Cir. 2004).

36. Defendant's conduct was odious and outrageous. Not only were the acts unwelcome by Debtor, but the actions of were willful, wanton, reckless, intentional, persistent, and continuous.

37. These actions were so outrageous in character, and extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as utterly intolerable in a civilized society.

WHEREFORE, Debtor respectfully request:

a) That this Court order a trial on this complaint;

b) That judgment be granted in Plaintiff's favor against Defendant;

c) That after notice and a hearing, this Court issue issue a preliminary injunction, enjoining Defendant from pursing a motion for relief from stay against Plaintiff;

d) That this Court sanction Defendant for all actual damages, including attorney's fees, costs, and expenses incurred by Plaintiff;

e) That the Court award damages for emotional distress for an amount to be determined at trial;

f) That this Court award to Plaintiff, against Defendant, punitive damages of not less than three times actual damages;

g) That this Court grant such further relief as it deems just and proper.

       Respectfully submitted,
       KING & KING, P.C.


       __/s/_____
       Charles Clapp, Attorney for Debtor/Plaintiff
       GA Bar No. 101089
       215 Pryor St. SW
       Atlanta GA 30303
       (404) 524-6400
       ecf@kingandkingpc.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 06-66170-CRM |
| Celeste S. Costello, | ) | CHAPTER 13 |
|     Debtor. | ) | |
| _____ | ) | _____ |
| | ) | |
| Celeste S. Costello, | ) | ADVERSARY PROCEEDING |
|     Plaintiff, | ) | CASE NO. _____ |
| vs. | ) | |
| Wells Fargo Bank, NA, | ) | |
|     Defendant/Respondent. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify under penalty of perjury that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of the foregoing summons and a copy of the Application for Temporary Injunction and Complaint for Damages made Tuesday, August 3, 2010 by:

First class mail, postage fully pre-paid, addressed to:

Celeste S Costello
4762 Nelda Dr.
Austell, GA 30106

Nancy J. Whaley, 13 Trustee
Suite 120
303 Peachtree Center Avenue
Atlanta, GA 30303

Wells Fargo Bank, N.A.
c/o McCalla Raymer, LLC
Bankruptcy Department
ATTN: Michael J. McCormick
1544 Old Alabama Road
Roswell, GA 30076

Certified mail, postage fully pre-paid, addressed to:

Wells Fargo Bank, N.A.
c/o John G. Stumpf, Chairman & C.E.O
420 Montgomery St.
San Francisco, CA 94163

Wells Fargo Bank, N.A.
464 California St., A0101-121
San Francisco, CA  94104
c/o Carrie Tolstedt, C.E.O.

This Tuesday, August 03, 2010  By__/s/_____
                                  Charles Clapp
                                  Attorney for Debtors/Plaintiffs
                                  GA Bar No. 101089
                                  215 Pryor St. SW
                                  Atlanta GA 30303
                                  (404) 524-6400
                                  ecf@kingandkingpc.com